1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  BRIAN DICKERSON,                          )  Case No.: 1:19-cv-00630-SAB (PC)
                                              )
12            Plaintiff,                      )
                                              )  ORDER TO SHOW CAUSE WHY ACTION
13      v.                                    )  SHOULD NOT BE DISMISSED AS BARRED
                                              )  BY THE STATUTE OF LIMITATIONS
14  GENARO GONZALEZ, et al.,                  )
                                              )  [ECF No. 1]
15            Defendants.                      )
                                              )
16                                            )
                                              )
17  _____ )

18         Plaintiff Brian Dickerson is appearing pro se in and in forma pauperis this civil rights action

19  pursuant to 42 U.S.C. § 1983.

20         Currently before the Court is Plaintiff's complaint, filed May 9, 2019.

21                                           **I.**

22                              **SCREENING REQUIREMENT**

23         The Court is required to screen complaints brought by individuals who are proceeding in forma

24  pauperis. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam); 28 U.S.C. § 1915(e)(2). The

25  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

27  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

28  ///

                                              1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is currently incarcerated the Kern County Jail and is therefore a pretrial detainee.

In 2012, Plaintiff was sexually assaulted by Genaro Gonzalez while in the custody of the Kern County Sheriff's Office booking and receiving. Plaintiff was ordered to walk out of his cell and when he entered a different cell, three deputies ordered him to remove his clothing and lay flat on his stomach. Plaintiff was then handcuffed behind his back and his legs were tied. One officer pressed his knees to Plaintiff's back while another officer held his head, and officer Genaro Gonzalez stood behind Plaintiff with a broom stick, stating "he would fuck me with broom stick I just cried and prayed." The incident was witnessed by an unknown sergeant doing his hourly walk. The following day, Plaintiff was taken to the Bakersfield Police Department to report the incident, but it was never investigated, and Plaintiff was never provided assistance.

On February 15, 2019, Genaro Gonzalez was summoned to the lobby of the Kern County District Attorney's Office "while going to submit new evidence and get copies of old complaints to seek court permissions to become power of attorney of family members because I had evidence of elected District Attorney Ms. Cynthia Jane Franks-Zimmer participating in sat[anic] rituals involvements of wide rage of criminal activities of family friends and Black citizens case…." Plaintiff had thousands of writing documents, books, pay-off sheets, bank statements, names of informants, business owners, etc. to show involvement of corruption. District Attorney Cynthia Jane Franks-Zimmer summoned Deputy Gonzalez to search without reasonable and probable cause and have Plaintiff arrested while she took possession of Plaintiff's evidence.

Plaintiff requests to be released from custody and monetary damages.

## III.

## DISCUSSION

### A.    Statute of Limitations

Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening stage if it apparent from the face of the complaint that plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993).

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

///

///

///

1    In actions where the federal court borrows the state statute of limitations, courts should also

2    borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at

3    927. This applies to both statutory and equitable tolling. See Jones v. Blanas, 393 F.3d 918, 927 (9th

4    Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for

5    personal injury actions, along with the forum state's law regarding tolling, including equitable tolling,

6    except to the extent any of these laws is inconsistent with federal law.") Section 352.1 of the California

7    Code of Civil procedure allows for the tolling of the statute of limitations during a period of "disability"

8    while the plaintiff is in state prison, and the tolling may not exceed two years. Incarceration can toll the

9    statute of limitations for a maximum of two years, unless the inmate-plaintiff is serving a life sentence

10   without the possibility of parole. Cal. Civ. Proc. Code § 352.1 (tolling applies to prisoners sentenced to

11   "a term less than for life"); Brooks v. Mercy Hosp., 1 Cal.App.5th 1, 6-7 (2016) (tolling provision

12   construed "to mean that only those sentenced to life without the possibility of parole should be excluded

13   from the tolling provision.") However, section 352.1 does not apply to an individual who, such as

14   Plaintiff, would is in pretrial custody in a county jail at the time his claims accrued because he is not

15   "imprisoned on a criminal charge" within the meaning of section 352.1. Austin v. Medicis, 21

16   Cal.App.5th 577, 597 (Cal. Ct. App. 2018), reh'g denied (Apr. 11, 2018), review denied (June 13, 2018);

17   see also Groce v. Claudat, 603 F. App'x 581, 582 (9th Cir. 2015) (§ 352.1 inapplicable where plaintiff

18   "was not incarcerated when his claims accrued"); Shaw v. Sacramento County Sheriff's Department,

19   343 F.Supp.3d 919, 924 (E.D. Cal. 2018); (discussing holding in Austin and finding the plaintiff was

20   not serving a prison sentence upon his arrest and subsequent time in county jail); McCain v. Brosowke,

21   No. EDCV 17-2377 MWF (SS), 2018 WL 1918533, at *3-4 (C.D. Cal. Apr. 20, 2018) (same).

22        "Equitable tolling under California law 'operates independently of the literal working of the

23   Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure

24   fundamental practicality and fairness." Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31

25   Cal.4th 363, 370 (2003)). "Under California law, a plaintiff must meet three conditions to equitably

26   toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must

27   not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct

28

must have been reasonable and in good faith." Fink, 192 F.3d at 916 (internal quotation marks and citation omitted).

Based on the allegations in the complaint, Plaintiff's sexual assault claim arose in 2012, and the statute of limitations expired two years later in 2014. However, Plaintiff did not file the instant action until May 5, 2019, several years after the limitations period expired. Accordingly, the Court will order Plaintiff to show cause why this action should not be dismissed for failure to comply with the applicable statute of limitations.

**B.     Claim Against Kern County District Attorney**

To the extent Plaintiff seeks liability against the Kern County District Attorney for his arrest, such claim is barred. Section 1983 claims for monetary damages against individual prosecutors are barred by absolute prosecutorial immunity if the claimed violations are based on their activities as legal advocates during the judicial phase of criminal proceedings. Van de Kamp v. Goldstein, 555 U.S. 335, 342-43 (2009); Imbler v. Pachtam, 424 U.S. 409, 430-31 (1976) (prosecutorial immunity applies with "full force" to activities "intimately associated with the judicial phase of the criminal process."). The alleged misconduct against the Kern County District Attorney relates to Plaintiff's arrest and is barred by prosecutorial immunity. Although the Eleventh Amendment does not bar official-capacity claims against state officials for prospective injunctive relief, Plaintiff's request to be released from custody does not meet that standard. See Younger v. Harris, 401 U.S. 37, 43-47 (1971). Accordingly, Plaintiff has not and cannot state a cognizable claim against the Kern County District Attorney, and this claim is subject to dismissal, without leave to amend.

**C.     Request for Relief from Custody**

Plaintiff cannot seek release from custody by way of a section 1983 complaint. Rather, habeas corpus relief is the "exclusive remedy" for a prisoner who seeks "immediate or speedier release" from confinement. Skinner v. Switzer, 562 U.S. 521, 525 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 92 (2005); see also Calderon v. Ashmus, 523 U.S. 740, 747 (1998). Accordingly, Plaintiff cannot proceed on a request for release of custody, and this claim is subject to dismissal, without leave to amend.

///

## IV.

## CONCLUSION AND ORDER

For the reasons explained above, Plaintiff's sexual assault claim appears barred by the applicable statute of limitations.  In addition, Plaintiff's claim against the Kern County District Attorney fails to state a cognizable claim, and Plaintiff cannot seek relief from custody by way of a section 1983 complaint, and both claims are subject to dismissal.  Accordingly, the Court will direct Plaintiff to show cause in writing why this case should not be dismissed as barred by the statute of limitations.

Accordingly, it is HEREBY ORDERED that:

1.    Within thirty days from the date of service of this order, Plaintiff is required to file a response in writing, showing why this case should not be dismissed as barred by the statute of limitations; and

2.    Failure to comply with this order will result in a recommendation to dismiss this action consistent with the reasoning set forth above.

IT IS SO ORDERED.

Dated: __**May 20, 2019**__

UNITED STATES MAGISTRATE JUDGE