UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DICKERSON,<br><br>    Plaintiff,<br><br>v.<br><br>GENARO GONZALEZ, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00630-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL FOR FAILURE TO COMPLY WITH A COURT ORDER, FAILURE TO PROSECUTE AND AS BARRED BY STATUTE OF LIMITATIONS<br><br>[ECF No. 5] |

      Plaintiff Brian Dickerson is appearing pro se in and in forma pauperis this civil rights action pursuant to 42 U.S.C. § 1983.

      On May 21, 2019, the Court ordered Plaintiff to show cause within thirty days why the action should not be dismissed as barred by the statute of limitations. More than thirty days have since passed, and Plaintiff has not complied with or otherwise responded to the Court's order. The Court's order warned Plaintiff that the failure to comply would result in a recommendation of dismissal.

      The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action. Id. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for failure to obey a court order, failure to prosecute, and as barred by the statute of limitations.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 3, 2019**

UNITED STATES MAGISTRATE JUDGE